IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 5:12-00050

GARY MAY

UNITED STATES' MEMORANDUM OF LAW
IN ADVANCE OF PLEA HEARING

This memorandum reviews the application of 18 U.S.C. § 371, under which defendant is charged, to conspiracies to impede federal agencies in carrying out their lawful functions.

Section 371 makes it a crime for two or more persons to conspire to defraud the United States or any agency thereof in any manner or for any purpose (provided at least one of the conspirators commits some act to effect the conspiracy's object). This is the so-called "defraud clause" of § 371. *United States v. Hurley*, 957 F.2d 1, 3 (1st Cir. 1992); *United States v. Tuohey*, 867 F.2d 534, 536 (9th Cir. 1989); *United States v. Cure*, 804 F.2d 625, 628 (11th Cir. 1986). It is distinct from § 371's perhaps better-known component, the "offense clause," which prohibits conspiracies to violate substantive criminal provisions outside § 371. Unlike the offense clause, the defraud clause does not require reference to other provisions: conspiring to defraud the United States is itself an independent offense under § 371. *United States v. Minarik*, 875 F.2d 1186, 1187 (6th Cir. 1989); *United States v. Bilzerian*, 926 F.2d 1285, 1301 (2d Cir. 1991).

As used in § 371, the term "defraud" is broader than its common law definition and even goes beyond the definition used in the mail fraud statute. *Dennis v. United States*, 384 U.S. 855, 861 (1966); *Tuohey*, 867 F.2d at 537-38. The Supreme Court has outlined the broad scope of the defraud clause:

> To conspire to defraud the United States means primarily to cheat the government out of property or money, but it also means to interfere with or obstruct one of its lawful governmental functions by deceit, craft, or trickery, or at least by means that are dishonest. It is not necessary that the government shall be subjected to property or pecuniary loss by the fraud, but only that its legitimate official action and purpose shall be defeated by misrepresentation, chicane, or the overreaching of those charged with carrying out the governmental intention.

*Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924). Thus the statute includes:

> any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of government . . . . [A]ny conspiracy which is calculated to obstruct or impair its efficiency and destroy the value of its operations and reports as fair, impartial, and reasonably accurate, would be to defraud the United States by depriving it of its lawful right and duty of promulgating or diffusing the information so officially acquired in the way and at the time required by law or departmental regulation.

*Haas v. Henkel*, 216 U.S. 462, 479-80 (1910).

The word "defraud" in § 371 "is designed and intended to protect the integrity of the United States and its agencies, programs and policies." *United States v. Burgin*, 621 F.2d 1352, 1356 (5th Cir. 1980). Thus, if the defendant and others have engaged in dishonest practices in connection with a program administered by an agency of the federal government, it constitutes a fraud on the United States under § 371. *United States v. Gallup*, 812 F.2d 1271, 1276 (10th Cir. 1987). Proof that the United States has been defrauded does not require any showing of monetary or proprietary loss. *Hammerschmidt*, 265 U.S. at 188; *Tuohey*, 867 F.2d at 537. Rather, § 371 "reaches any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of Government." *Tanner v. United States*, 483 U.S. 107, 128 (1987); *Dennis v. United States*, 384 U.S. at 861; *Tuohey*, 867 F.2d at 537; *United States v. Sprecher*, 783 F. Supp. 133, 156 (S.D.N.Y. 1992). The "defraud part of section 371 criminalizes any willful impairment of a legitimate function of government, whether or not the improper acts or objective are criminal under another statute." *Tuohey*, 867 F.2d at 537.

To prove its case, the United States must prove three elements: "[a]n agreement to achieve an unlawful objective, an overt act in furtherance of the illegal purpose, and the requisite intent to defraud the United States." *Tuohey*, 867 F.2d at 537. The United States is not required to show that the overt act was a crime on its own. *United States v. Jerkins*, 871 F.2d 598, 602-03 (6th Cir. 1989); *Tuohey*, 867 F.2d at 537. All the United States must prove is that the members agreed to interfere with or obstruct one of the United States' lawful functions "by deceit, craft, trickery, or at least by means that are dishonest." *Hammerschmidt*, 265 U.S. at 188; *Hurley*, 957 F.2d at 4-5; *Jerkins*, 871 F.2d at 603; *United States v. Nersesian*, 824 F.2d 1294, 1313 (2d Cir. 1987); *United States v. Caldwell*, 989 F.2d 1056, 1059-60 (9th Cir. 1993). Likewise, the United States must establish that the target of the fraud was the United States or one of its agencies. *Dennis*, 384 U.S. at 861. The United States must also show that the defendant knew that at least one of the objects of the scheme was to impede the functions of the relevant government agency and intended to join in the scheme to achieve that object. *See, e.g.*, *United States v. Licciardi*, 30 F.3d 1127, 1132-33 (9th Cir. 1994).

        Respectfully submitted,

        R. BOOTH GOODWIN II
        United States Attorney

By:

        s/ Steven R. Ruby
        STEVEN R. RUBY
        WV Bar No. 10752
        Assistant United States Attorney
        P.O. Box 1713
        Charleston, WV   25326
        Phone: 304-345-2200
        Fax: 304-347-5104
        E-mail: steven.ruby@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing "United States' Memorandum of Law in Advance of Plea Hearing" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on March 27, 2012 to:

>Tim Carrico, Esquire
>Carrico Law Offices PLLC
>1412 Kanawha Boulevard East
>Charleston, WV 25301

>s/ Steven R. Ruby
>STEVEN R. RUBY
>WV Bar No. 10752
>Assistant United States Attorney
>P.O. Box 1713
>Charleston, WV  25326
>Phone: 304-345-2200
>Fax: 304-347-5104
>E-mail: steven.ruby@usdoj.gov